Date signed October 21, 2014



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore**

| | | |
|---|---|---|
| **In re:** | : | |
| **Avitech, LLC,** | : | Case No. 12-29573-DK |
| | | Chapter 7 |
| **Debtor.** | : | |
| ---------------------------------------------------- | | |
| **Sean C. Logan,** | : | |
| **Plaintiff,** | : | Adversary No. 14-426 |
| v. | : | |
| **Merial Vaccination Technologies, Inc.,** | : | |
| **Defendant.** | : | |

_____

**MEMORANDUM OF DECISION**

Sean Logan, Chapter 7 Trustee ("Plaintiff") commenced this adversary proceeding by filing a complaint seeking turnover of property and a recovery against defendant, Merial Vaccination Technologies, Inc. ("Defendant"). The Complaint asserts that certain machines are property of the bankruptcy estate but are held in a warehouse

controlled by Defendant.  The Complaint further avers that under a Settlement Agreement[1] between the parties, certain intellectual property belongs to the estate.  The Complaint states that Defendant refuses to turnover the described property and that such refusal constitutes a breach of the Settlement Agreement.  Plaintiff demands specific performance, that Defendant be ordered to turnover the property, and that Plaintiff be awarded damages in the amount of $ 1 million for the contract breach.

Defendant has filed a Motion to Dismiss to which Plaintiff has filed an opposition.  The court finds that a hearing is not necessary and would not aid in the determination of the motion.

Initially Defendant asserts that Plaintiff can have no interest in the disputed property because subsequent to the Settlement Agreement, Plaintiff sold substantially all of the estate's remaining property to a third party buyer, West Star Foods B.V.  Defendant points to language in the asset purchase agreement that describes that which is being sold to West Star as:

> "substantially all of the assets, inventory, Intellectual Property and any other property of value used in connection with AviTech's business operations," together with "all right, interest and title". . . .

*Motion to Dimiss*, at p.6.  From this language, Defendant argues that Plaintiff has no standing to bring this action and that the court has no subject jurisdiction over the disputed property.

While the court in considering a motion to dismiss may include in its analysis

---

[1] The Settlement Agreement settled litigation before the United States District Court for the Northern District of Georgia and was approved by this court in the underlying bankruptcy case for this adversary proceeding.

documents integral to the Complaint,[2] the Settlement Agreement does not unequivocally indicate that the averments of Estate ownership of the alleged property rights set forth in the Complaint cannot be factual correct.[3]

Defendant also argues that the release contained in the Settlement Agreement releases Defendant from the asserted liabilities set forth in the Complaint. However, as Plaintiff points out in the response to the Motion to Dismiss, the Complaint seeks to enforce the Settlement Agreement as to turnover of property allegedly dealt with therein and further asserts a breach thereof. The release language in the Settlement Agreement does not unequivocally release Defendant from performing the settlement itself, nor prospectively protect Defendant should it breach the Settlement Agreement.

In addition, Defendant takes issue with the Plaintiff's assertion of rights to performance under the Settlement Agreement as "turnover" of property. The Complaint specifically asks for the court to order specific performance of the settlement. The additional language in the Complaint asserting a right to turnover does not somehow disqualify the Complaint.

Finally Defendant argues that the language of the Settlement Agreement does not support the asserted rights of Plaintiff to the disputed property. The court finds that at this stage of the adversary proceeding, that determination cannot be made giving all reasonable

---

[2] *See Secretary of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

[3] The court notes that West Star, the buyer that Defendant asserts acquired whatever rights (if any) that the Estate may have held under the Settlement Agreement, has not moved to intervene in this action or otherwise assert any ownership of the disputed property.

inferences in favor of the Plaintiff.  The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the statement of the claim. *Chertkof v. Baltimore*, 497 F.Supp. 1252, 1258 (D.Md. 1980).  The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007):

> While a complaint attacked by a Rule12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . .

*Id.* at 545, 127 S.Ct. at 1964-65 (citations omitted). The Court further elaborated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) that the review of a complaint upon a motion to dismiss for failure to state a cause of action is "context-specific" and acknowledged that courts must use their "judicial experience and common sense. . . . " *Id.* at 679, 129 S.Ct. at 1950.

In summary, applying its experience and common sense, and the standard enunciated in *Bell Atlantic Corp. v. Twombly*, *supra*., the court concludes that the Motion to Dismiss should be denied.  An order consistent with this Memorandum will be entered.

cc:    all counsel

**End of Decision**